WHIPPLE, C.J.
|2In this succession matter, Samuel Joseph Drake appeals from an adverse judgment of the trial court maintaining an exception of prescription filed by Deborah Loustalot Keating and Barbara Loustalot Matherne and dismissing Drake’s petition for possession, with prejudice. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
Samuel Joseph Loustalot was born to Laura Jean Bridges and purportedly to Alton J. Loustalot on May 31,1992. Alton Loustalot, who was not married to Samuel’s mother, but who is named as Samuel’s father on his birth certificate, died on August 11, 1994.[1] Shortly after Alton’s death, Samuel was removed from the home and placed in a foster home with his half-brother, Harry.[2] Samuel’s foster parents, Lori Ann Schully Drake and Robert W. Drake, eventually adopted Harry and Samuel. A final decree and judgment of adoption, dated August 29, 2000, allowed the Drakes to adopt Samuel, ordered that his name be formally changed to Samuel Joseph Drake, and further ordered that the clerk of court send a certificate of the decree to the State Registrar of Vital Records for entry of a certificate of live birth of Samuel Joseph Drake.
On June 10, 2005, Deborah Loustalot Keating and Barbara Loustalot Matherne, Alton’s nieces, filed a petition for appointment of administrator of Alton’s estate.[3] Notably, the affidavit of death, domicile, and heirship, executed by Dorothy A. Loustalot and Doris D. Loustalot, recited that Alton was survived by no children whatsoever,
|sOn August 15, 2013, Samuel filed a “Motion to Compel Annual Account from Administratrix and Rule to Test Surety,” contending that since their appointment as co-administratrices of this succession, Ms. Keating and Ms. Matherne had failed and refused to file any annual accounts as provided for in LSA-C.C.P. art. 3331, despite Samuel’s requests for an accounting.[4] In support of his right to demand an accounting and to have them removed as adminis-tratrices, Samuel attached: his affidavit; the affidavit of Lori Drake; the final decree and adoption judgment; Alton J. Loustalot’s death certificate; a copy of Samuel’s original birth certificate; a letter dated September 16, 2002, from the Department of Health and Hospitals Vital Records Registry responding to a request for a birth record of Samuel Loustalot by counsel for Ms. Keating and Ms. Math-erne; a copy of the Office of Vital Record’s acknowledgment of paternity form and the “Louisiana Birth Registration” process packet; a photo of himself; and a photo of Alton.
On July 7, 2014, an amended affidavit of death and heirship was filed by Lori and *558 Robert Drake, stating that Alton was survived by “Samuel Joseph Loustalot, the duly acknowledged biological son of the decedent” Shortly thereafter, Samuel filed a petition and rule for possession, as the decedent’s son and sole heir at law, seeking to be placed in possession of the estate and to have Ms. Keating and Ms. Matherne ordered to file a final accounting of their administration of the estate.
Ms. Keating and Ms. Matherne opposed Samuel’s petition for possession, filing exceptions of res jvdicata, prescription, no cause of action, no right of action, and a motion for summary judgment. After hearing argument on the matter, the trial court rendered judgment on December 4, 2014, maintaining the ^exception of prescription and dismissing Samuel’s petition for possession, with prejudice.[5] Samuel then filed the instant appeal.
DISCUSSION
Louisiana Civil Code article 199 addresses the effect of adoption and provides that upon adoption, the adopting parent becomes the parent of the child for all purposes and filiation between the child and his legal parent is terminated, except as otherwise provided by law. Specifically, adopted children and their descendants retain the right to inherit from their former legal parent and the relatives of that parent. LSA-C.C. art. 199.
In intestate successions, the first class of intestate heirs is the descendant class.[6] Included among descendants are legitimates, adopted children, and children born out of wedlock whose parentage is established. See 10 La. Civ. L. Treatise, Successions and Donations § 2:9 (2d ed.). There are three ways to prove the existence of a parent-child relationship under the Louisiana Civil Code: (1) legitimate filiation; (2) acknowledgement; and (3) the institution of a legal proceeding to prove filiation. See LSA-C.C. arts. 185,196, and 197.
Legitimate filiation is addressed in LSA-C.C. art. 185, which provides that the husband of the mother is presumed to be the father of a child born during the marriage or within three hundred days from the date of the termination of the marriage. However, if the parents are not married, a father must acknowledge his child in order to establish a parent-child relationship. Louisiana Civil Code article 196, entitled, “Formal acknowledgement; presumption” provides:
A man may, by authentic act or by signing the birth certificate, acknowledge a child not filiated to another man. The ^acknowledgment creates a presumption that the man who acknowledges the child is the father. The presumption can be invoked only on behalf of the child. Except as otherwise provided in custody, visitation, and child support cases, the acknowledgement does not create a presumption in favor of the man who acknowledges the child.
Further, in the absence of a marriage between the parents or an acknowledgment by the father, pursuant to LSA-C.C. art. 197, a child may institute an action to prove paternity, even though he be presumed to be the child of another man, by instituting a civil proceeding to establish such filiation. For purposes of succession only, this action is subject to a peremptive period of one year, which commences to *559 run from the date of death of the alleged father. LSA-C.C. art. 197.
In the instant case, the trial court granted the exception of prescription filed by Ms. Keating and Ms. Matherne, based on its application of the peremptive one-year period applicable to a suit to establish filiation, as set forth in LSA-C.C. art. 197. However, Samuel contends that even though he was subsequently adopted, he remains the sole legal heir of Alton. Specifically, he contends that the presumption of paternity set forth in LSA-C.C. art. 196 applies herein in his favor, where Alton is listed as his father on his original birth certificate, which thereby clearly establishes that Alton acknowledged Samuel as his child.
Under LSA-C.C. art. 196, a man who acknowledges a child creates a presumption that he is the father, which operates in favor of the child only. Such an acknowledgment is created either by an authentic act in which the father acknowledges his paternity, or by 'his signing the child’s birth certificate as father. LSA-C.C. art. 196, Revision Comments-2005, Comment (a). Moreover, there is no time period during which an action must be instituted to challenge the presumption granted by this article in favor of the child. LSA-C.C. art. 196, IfiRevision Comments — 2005, Comment (d).[7]
In seeking to establish that the Article 196 presumption of paternity applies herein (and establishes his right to inherit), Samuel contends that the copy of his original birth certificate, along with the other evidence offered by him in support,, was sufficient to establish his right to demand an accounting as Alton’s sole legal heir. He notes that access to any underlying or original birth records is difficult, because they are sealed as a result of his adoption. Moreover, Samuel notes that as a prerequisite for Alton to have been listed as his father on his birth certificate, Alton would have: been required to sign a voluntary acknowledgment of paternity at the time, absent an adjudication of paternity by a court of competent jurisdiction, in accordance with LSA-R.S. 40:S4(B)(l)(h)(ii).[8]
Ms. Keating and Ms. Matherne counter that Samuel presented “no competent evidence” to establish that Alton was. his father, where he failed to produce an “authentic” birth certificate containing Alton’s signature or an authentic act of Alton’s acknowledgment of paternity. They argue that without competent evidence of such, Samuel cannot inherit as he is unable to establish a parent-child relationship with Alton. We disagree.'
The question of whether a certified copy of a birth certificate alone, (which contained no line for a signature by the father,) without any further *560 ^acknowledgment by the father, was sufficient to invoke the Article 196 presumption of parentage and right to inherit was recently presented to this court in In re: Succession of Brown, 2012-0340 (La.App. 1st Cir.2/25/2013), 2013 WL 690465 (unpublished opinion). In that succession case, siblings Effie and Roosevelt Brown claimed to be children of the decedent, James Brown. Effie and Roosevelt contended they were acknowledged by James Brown, as he was listed on their birth certificates as their father, and he took no action to disavow them. Therein, this court noted that although Article 196 refers to “signing” the birth certificate, the certificates of live birth issued by the State of Louisiana actually do not contain signature lines. This court noted that the documents do, however, contain certifications with the following language:
The above is a true certification of name and birth facts on file in the vital records registry of the State of Louisiana, pursuant to LSA-R.S. 40:32 et seq.[9]
Thus, this court concluded that the unre-butted certificate of live birth bearing the name of the decedent, stamped with the seal of the Louisiana Department of Health and Hospitals and containing the signature of the State Registrar, together with the testimony of Roosevelt that Effie was his sister and that James was their father, was sufficient to establish Roosevelt and Effie were heirs of the decedent, James Brown. Thus, this court found no error in the trial court’s judgment recognizing them as such based on its underlying finding that they were the decedent’s legal heirs. See In re: Succession of Brown, 2012-0340 (La.App. 1st Cir.2/25/2013), 2013 WL 690465 (unpublished opinion).
In the instant case, Samuel likewise introduced a copy, albeit not certified, of what purports to be his original birth certificate. However, as further support, he introduced other evidence, including his own affidavit and that of Lori Drake, his ^adoptive mother, who acknowledged that Alton is Samuel’s biological father, together with the judgment from the adoption proceedings.
In maintaining the exception of prescription urged by Ms. Keating and Ms. Matherne, the trial court relied on the one-year peremptive period governing the institution of a filiation proceeding under LSA-C.C. art. 197.[10] In doing so, the trial court clearly erred. Here, Samuel is not seeking (nor is he required) to establish filiation pursuant to LSA-C.C. art. 197. Rather, Samuel is seeking to avail himself *561 of the rights in his favor arising from his status as a child whose parent-child relationship was established by acknowledgment in accordance with article 196 and the presumption set forth therein, ie., that Alton acknowledged Samuel as his child by having his name placed on Samuel’s birth certificate as Samuel’s father in accordance with LSA-R.S. 40:34(B)(l)(h)(ii). See LSA-C.C. art. 196, Revision Comments-2005, Comment (a); see also 10 La. Civ. L. Treatise, Successions and Donations § 2:9 (2d ed.). As such, the peremp-tive | gperiod governing filiation proceedings set forth in LSA-C.C. art. 197 is inapplicable herein.
However, as noted above, there is no limitation as to who may bring an action to rebut the presumption, nor is there a specific time period during which an action to challenge the presumption of Article 196 must be instituted. LSA-C.C. art. 196, Revision Comments — 2005, Comment (d). Thus, Ms. Keating and Ms. Matherne retain the right to challenge Samuel’s claim and to rebut the presumption. As to the issues raised regarding the authenticity of the copy of his original birth certificate, we note that Samuel is entitled to file a motion for disclosure to override the general policy of confidentiality for adoption records pursuant to LSA-Ch.C. arts. 1188-1192. An adopted person may file a motion for disclosure of information pertaining to his adoption pursuant to Article 1189. LSA-Ch.C. art. 1188(A). A motion for disclosure shall show compelling necessity overriding the general policy of confidentiality for adoption records by alleging there are inheritance rights, which are or may be due from the biological parents of the adopted person in accordance with the Civil Code. LSA-CLC. art. 1189(1). On remand, and especially given the objection urged by Ms. Keating and Ms. Matherne, the trial court should consider these procedures in determining the parties’ respective rights to the property in the succession.
CONCLUSION
For the above and foregoing reasons, the December 4, 2014 judgment, maintaining the peremptive exception raising the objection of prescription and dismissing Samuel’s petition for possession with prejudice, is hereby reversed. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to the appellees, Deborah Lous-talot Keating and Barbara Loustalot Matherne.
REVERSED AND REMANDED.

. According to Samuel’s affidavit, his birth mother lived with Alton in his home at 22446 Hoffman Road, Covington, Louisiana, in his house trailer located on property Alton also • owned, where she continued to reside until her death in 2013.

. Harry and Samuel share only the same biological mother, Laura Jean Bridges.

. Ms. Keating is the daughter of Alton’s brother, Charles Roy Loustalot, and Ms. Matherne is the daughter of Alton’s brother, Clarence J. Loustalot.

.Louisiana Code of Civil Procedure article 3331 provides that a succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of an interested party. (Emphasis added).

. Although all of these exceptions were set for hearing at that time, the parties concede that the other matters were neither argued nor discussed, as the trial court concluded the hearing after finding that Samuel's claims and demands were prescribed.

, The parties do not dispute that Alton died intestate.

. See also LSA-C.C. art. 196, Revision Comments-2005, Comment (h)._ ("Under prior law, an acknowledgment of fatherhood by an authentic act or by signing the child’s birth or baptismal certificate was referred to as a formal acknowledgment. Prior law distinguished the effects of such formal acknowledgments from those of informal acknowledgments. The formal acknowledgment of a child by his father relieved the child of the necessity of establishing paternity by an action timely instituted under former Civil Code Article 209 ... [now codified as Article 197]. ■ An informal acknowledgement, which consisted of writings by the father and his conversations referring to the child as his, did not relieve the child of the necessity of instituting a paternity, action.” (Emphasis added.))

. Louisiana Revised Statute 40:34' provides that the birth certificate shall contain the full name of the father. If a child is born outside of marriage, the full name of the father shall be included on the record of birth of the child only if the father and mother have signed a voluntary acknowledgment of paternity or a court of competent jurisdiction has issued an adjudication of paternity. LSA-R.S. 40:34(B)(l)(h)(ii).

. Louisiana Revised Statute 40:42(A) provides, in part, "Except for delayed or altered birth certificates, every original certificate on file in the vital records registry is prima facie evidence of the facts therein stated.”

. The hearing transcript reveals that the trial court relied on State in the Interest of B.E.T, 2009-1782 (La.App. 1st Cir.2/12/10), 35 So.3d 373. In that termination-of-parental-rights case, where the State was seeking to terminate the parental rights of various individuals to free a child for adoption, the State of Louisiana, Department of Social Services, Office of Community Services appealed a judgment of the district court, dismissing from the proceedings the father listed on the birth certificate after it was determined1 that he was not the biological father. (Louisiana Children’s Code article 1193 provides that consent to the adoption of the child or relinquishment of parental rights shall be required of the mother of the child, the father of the child born of marriage, the presumed father of the child, the alleged father of the child, and the biological father of the child.) On review, this court determined that without an acknowledgment of paternity or a copy of the birth certificate containing the parents’ signatures, it could not determine whether the presumption in favor of the child under LSA-C.C. art. 196 was applicable, and thus, whether the father listed on the birth certificate was properly dismissed. See State in the Interest *561 of B.E.T. 35 So.3d at 376-377. The court therefore reversed the judgment and remanded the matter to the trial court "to determine whether [the father listed on the birth certificate] signed the birth record or an acknowledgment of paternity.” State in the Interest of B.E.T. 35 So.3d at 376.
Unlike the court in In re: Succession of Brown, 2012-0340 (La.App. 1st Cir.2/25/2013) [2013 WL 690465] (unpublished opinion), however, the B.E.T. court did not directly address the inability of a parent to "sign” the birth certificate where the certificate contains no signature line, despite the language of LSA-R.S. 40:34(B)(1 )(h)(ii). More importantly, the court in B.E.T. did not address in that matter the certification appearing on the birth certificates in accordance with LSA-R.S. 40:32, et seq., or elect to apply the statutorily established weight set forth in LSA-R.S. 40:42(A) ("every original certificate on file in the vital records registry is prima facie evidence of the facts therein stated”).
Nonetheless, because B.E.T. was a termination-of-parental-rights case, not a succession case, and involved a distinctly and critically different set of facts (t.e., the mother was married to someone else at the time of the child’s birth), the B.E.T, case is distinguishable from the Brown case.